# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETESFA, INC.,** a District of Columbia Corp**. d/b/a ABG MART**, and<br>**BETELHEM KEBEDE GESESSE,** an Individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>**UNITED STATES OF AMERICA**,<br><br>    Defendant. | **CIVIL ACTION NO.  18-394 (RDM)**<br><br>**RULE 56(d) DECLARATION** |

    The Plaintiffs, Betesfa, Inc., a District of Columbia Corp. d/b/a ABG Mart, and Betelhem Kebede Gesesse, an Individual, by and through their undersigned counsel hereby file this Declaration pursuant to Rule 56(d), and state that the Plaintiffs are unable to fully present facts essentially to justify their position for the following reasons:

    The Plaintiffs have not been able to serve upon the Defendant a Request for Production of Documents, or conduct depositions which in pertinent part seek the disclosure of categories of essential information needed by the Plaintiffs to present their case as discovery has not commenced in this matter pursuant to Rule 26.  The categories of documents sought (and their importance) are stated below:

1. *All data, records, computer programs, algorithms, comparables, memoranda, pictures, and investigative reports utilized or relied upon by the Defendant in disqualifying the Plaintiffs from participating as a retail food store in the Supplemental Nutrition Assistance Program.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

2. *All household data for any and all persons or participants that are listed in the Attachments to the Charging Letter dated July 17, 2017, or the timeframe listed in the Charging Letter and encompassing the Attachments thereto.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

    Furthermore, in this instance, the Defendant has made specific assumptions about the shipping habits and tendencies of the SNAP participants worse transactions appear in the Charging Letter. As noted by the Plaintiffs, there is a significant likelihood that Confirmation Bias has played a significant role in the determination of this matter by the Defendant. Accordingly, the Defendant may have chosen to disregard information about the households and exclude it from the Administrative Record as was done with the Retailer Investigation Branch report, which has probative information on the case.

3. *All transaction data for any store that the Plaintiff's store was compared to for purposes of determining what transactions should be included in the Attachments to the Charging Letter.*

    Perhaps some of the most important information sought by the Plaintiffs, data analysis requires comparison to "baseline" stores in order to determine whether or not the Plaintiffs were in fact operating outside normal range of transactions for similarly situated businesses. While summaries and bar graphs were selected for inclusion by the Defendant in is Administrative Record, the raw data was excluded (despite the fact it is often included in the reports).

4. *Any and all investigative reports pertaining to the Plaintiff and relating to the transactions set forth in the Charging Letter, to include, but not be limited to pictures, affidavits, notes, memoranda and communication.*

    This category is designed to identify any other investigations that the Department conducted into the Plaintiffs' operations which may also show a pattern of regulatory compliance.

5. *Any and all statistical case studies upon which the Defendant based its finding of trafficking in the instant matter.*

    The Defendant contends in the Administrative Review that the two ALERT patterns utilized by the Defendant in this matter are correlated to trafficking in SNAP benefits as a result of a Department data analysis. If the Defendant has a study/analysis that correlated the two, it would be a direct contradiction of what the Defendant has previously testified to.

6. *Any and all investigative case studies upon which the Defendant based its finding of trafficking in the instant matter.*

The Defendant contends in the Administrative Review that the two ALERT patterns utilized by the Defendant in this matter are correlated to trafficking in SNAP benefits as a result of a Department data analysis. If the Defendant has a study/analysis that correlated the two, it would be a direct contradiction of what the Defendant has previously testified to.

7. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "multiple transactions [that] were made from individual benefit accounts in unusually short time frames."*

The Defendant contends in the Administrative Review that the two ALERT patterns utilized by the Defendant in this matter are correlated to trafficking in SNAP benefits as a result of a Department data analysis. If the Defendant has a study/analysis that correlated the two, it would be a direct contradiction of what the Defendant has previously testified to.

8. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "excessively large purchase transactions made from recipient accounts."*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

*Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "the majority or all*

*of individual recipient benefits were exhausted in unusually short periods of time.*"

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

9. *Any and all internal memoranda, processes, guidelines, guide books, or other such documentation upon which the Defendant's Analysts and Section Chiefs are to rely in evaluating charges of trafficking, sale of ineligible items, and issuance of credit in ALERT data based cases.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

10. *Any and all training materials and documentation used for new employees in the position of USDA FNS Retailer Operation Division Analyst.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

11. *A copy of the FNS Standard Operating Procedures.*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

12. *Any and all store evaluations, inspections, investigations, Retailer Investigation Branch reports, ALERT reports, ALERT data, and STARS data for any and all retailers to which the Plaintiff was compared. The data requested in this section includes information from January 2017- May 2017.*

    This category is included as a "catch-all" to make certain that no pertinent information or documentation which was told upon in the matter remains undiscovered.

13. *Any and all reports, statistical analyses, memoranda and the like pertaining to the shopping habits of typical SNAP participant households which are the product of the Defendant's studies since 2008.*

    The Plaintiffs are under the belief that only the 2016 study exists, but are not certain that other, unpublished studies exist.

14. *Any and all documentary evidence upon which the Defendant intends to rely to support its case that the Plaintiff was trafficking in SNAP benefits.*

    This category is a general request for any other documents which the Department may contend support their position, and will be utilized herein.

15. All curriculum vitae of any expert that the Defendant intends to list as a witness at trial.

Finally, the Plaintiffs require three (3) depositions, which have not been able to be mentioned to the Defendant, but who have not yet been scheduled because of the stay of discovery. These individuals include an ALERT System Administrator (presumably Mr. Douglas Wilson); Mr. Jeffrey Sparman (USDA Analyst) and Mr. Fredrick Conn (the Section Chief who signed the disqualification letter). Additional depositions may be necessary for yet-to-be-identified SNAP participants to ascertain why they made the purchase that they did in the timeframe in which they were made. To date, all evidence pertaining to household preferences has been generic and limited to the personal knowledge of the Plaintiffs. Going to the "horse's mouth" may be the best way to determine (rather than speculate) why the households so the way they do.

For these reasons, the Plaintiffs are unable to fully respond to the Motion to Dismiss or, in the Alternative for Summary Judgment filed by the Defendant in this Matter.

WHEREFORE, the Plaintiffs, Betesfa, Inc., a District of Columbia Corp. d/b/a ABG Mart, and Betelhem Kebede Gesesse, an Individual, through their undersigned counsel, Declare that moving forward with Summary Judgment at this stage would be both premature and prejudicial as a result of the Defendant's own discovery failures. Accordingly, in the event the Court chooses not to deny the

Defendant's motion, the Plaintiffs would ask that the Court either: defer considering the motion; allow time to complete discovery; and set depositions in this matter.

**I hereby swear and affirm that the foregoing statements are true and accurate to the best of my knowledge and belief, and that this Declaration has been filed in good faith.**

*Andrew Z. Tapp*
Andrew Z. Tapp, Esquire

## CERTIFICATE OF SERVICE

I certify that on this 6th day of August, 2018, I caused a copy of the foregoing to be electronically served upon all parties receiving CM/ECF notices in this case.

*Andrew Z. Tapp*
ANDREW Z. TAPP, ESQUIRE
**COUNSEL FOR PLAINTIFFS**